Dimitrios T. Drivas
James S. Trainor, Jr.
Amit H. Thakore
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 10036

*Attorneys for Defendant*
*The Port Authority of New York and New Jersey*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ARRIVALSTAR S.A. and MELVINO TECHNOLOGIES LIMITED,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY,<br><br>　　　　　Defendant. | C.A. No. 11-1808 (RWS) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**
<u>**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 12(b)(6)**</u>

## Table of Contents

                                                                                                                   **Page**

I. PRELIMINARY STATEMENT ................................................................................................ 1

II. STATEMENT OF RELEVANT FACTS .................................................................................. 2

III. ARGUMENT .............................................................................................................................. 3

    A. Plaintiffs Fail to State a Claim for Infringement of Any "System" Claim Because Port Authority Does Not Put the Whole of the Alleged System into Service .................... 3

    B. The Complaint Fails to State a Claim for Infringement of "Method" Claims Because Port Authority Alone Cannot Practice All Claimed Method Steps .................... 6

IV. CONCLUSION ........................................................................................................................... 9

Defendant The Port Authority of New York and New Jersey (the "Port Authority") respectfully submits this Memorandum of Law in Support of its Motion to Dismiss the Complaint of Plaintiffs ArrivalStar S.A. ("ArrivalStar") and Melvino Technologies Limited ("Melvino") (collectively, "Plaintiffs"), pursuant to Fed. R. Civ. P. 12(b)(6).

## I.   PRELIMINARY STATEMENT

The Complaint should be dismissed because Plaintiffs fail to state a claim of patent infringement under the controlling U.S. patent laws – specifically, those which govern infringement of "method" and "system" patent claims. This case implicates the patent law doctrine of "divided infringement," which the Court of Appeals for the Federal Circuit has recently addressed as it applies to patent claims of this type. The Federal Circuit has affirmed that, with few exceptions not applicable here, no single party can be liable for infringement of such claims where the claimed system or method requires performance by some party other than the defendant accused of infringing. Both patents-in-suit are directed to and claim methods and systems for notifying a party of vehicle delay. Practice of each of the claims of the patents-in-suit therefore requires the involvement of at least two parties: a notifying party and a notified party. The Complaint arguably alleges that Defendant the Port Authority is a notifying party; fatally, it neither names nor alleges any facts as to any notified party. Put simply, the Port Authority, by itself, cannot be proved liable for infringement of the asserted method and system claims. Conclusory allegations in the Complaint to the contrary cannot be treated as fact because they are inconsistent with more reliable "allegations" elsewhere in the pleadings: the patent claims themselves (pleadings by attachment to the Complaint), all of which require the presence of a "user" or "user communications device" to receive a delay notification from another. Accordingly, Plaintiffs state no claim upon which relief can ultimately be granted.

## II. STATEMENT OF RELEVANT FACTS

On March 15, 2011, Plaintiffs filed a Complaint in this Court against the Port Authority, alleging infringement of United States Patent Nos. 6,317,060 ("the '060 patent"), entitled "Base Station System and Method for Monitoring Travel of Mobile Vehicles and Communicating Notification Messages," and 7,030,781 ("the '781 patent"), entitled "Notification System and Method That Informs a Party of Vehicle Delay". The only – and entire – injury alleged in the Complaint is that "Port Authority has infringed claims of the '060 and '781 patents through, among other activities, the use of Port Authority's PATHAlerts systems." (Compl. ¶ 8.)

The patents-in-suit (attached as Exhibits A and B to the Complaint) claim systems and methods for notifying users of vehicle arrivals and delay. The '060 patent contains six independent claims; the remaining claims of the '060 patent depend either directly or indirectly from one of those independent claims. (Id., Ex. A, cols. 15-20.) The '781 patent contains two independent claims; the remaining claims of the '781 patent depend either directly or indirectly from one of those independent claims. (Id., Ex. B, cols. 14-16.) Representative system claims, on the one hand, and method claims, on the other, from each patent are set forth in Exhibit A to this Memorandum, for ease of the Court's reference. Claims 16-23 of the '060 patent, and claims 1, and 3-10, of the '781 patent, are method claims. (Id., Ex. A, cols. 18-20; Ex. B, col. 14.) All other claims of the patents-in-suit are system claims. (Id., Ex. A, cols. 15-18; Ex. B, cols. 14-16.) All claims of the '060 patent require "notifying users of impending arrivals of vehicles." (Id., Ex. A, cols. 19-20.) All claims of the '781 patent require "contacting a user communications device." (Id., Ex. B, cols. 14-16.)

PATHAlerts is a free e-mail subscription service that provides notice to subscribing parties of train delays and service changes by sending a notification by email to their mobile

device.[1]  In order to subscribe to and receive PATHAlerts, one must submit an online application to the Port Authority, which is available on the Port Authority's PATHAlerts website.  See supra note 1.

### III.  ARGUMENT

Plaintiffs fail to state a claim for patent infringement of either the "method" or "system" claims that comprise the entirety of the claims of the patents-in-suit.  On its face, each claim of the asserted patents requires the performance of a method step or, alternatively, the presence of a system element, involving a "user" or a "user communications device."  The Port Authority, alone, cannot infringe such claims as a matter of law, and the Complaint fails to allege how the Port Authority can otherwise be liable for infringement.

#### A.  Plaintiffs Fail to State a Claim for Infringement of Any "System" Claim Because the Port Authority Does Not Put the Whole of the Alleged System into Service

In order to prove infringement of a "system" claim, a patentee must establish that the alleged infringer "put[s] the invention into service, i.e. control[s] the system as a whole and obtain[s] benefit from it."  Centillion Data Sys., LLC v. Qwest Comms. Int'l, Inc., 631 F.3d 1279, 1284 (Fed. Cir. 2011).  An accused infringer need not "exercise physical or direct control over each individual element of the system," however, "[i]n order to 'put the system into service,' the end user must be using all portions of the claimed invention."  Id.  In the absence of such direct infringement by a single party, a theory of "joint infringement" or vicarious liability may apply as to a single party, but only to the extent that such party directs another party to act as its agent or to perform aspects of the claimed system on its behalf.  Id. at 1287.

Both of the patents-in-suit contain claims to systems.  For example, independent claims 1, 9, and 13 of the '060 patent claim a "system for notifying users of impending arrivals of vehicles

---

[1] *PathAlerts*, PORT AUTHORITY OF NEW YORK AND NEW JERSEY, http://www.pathalerts.com (last visited May 19, 2011).

3

at particular locations." (Compl., Ex. A, cols. 15-17.) Claim 2 of the '781 patent claims a system comprising, among other elements, "means for contacting a user communications device" and "means for informing the user of vehicle delay." (Id., Ex. B, col. 14.) In order to prevail upon a claim for direct infringement of these system claims, Plaintiffs must establish that the Port Authority (1) alone controls the accused PATHAlerts, service as a whole, and (2) obtains benefit from it. Centillion, 631 F.3d at 1285. Plaintiffs have alleged neither element as fact in the Complaint – nor could they.

The Federal Circuit's decision in Centillion is apposite here. The claimed system at issue there included collecting and processing call data, generating summary reports as specified by the user, and transferring those reports to the user. See id. at 1281. The Centillion defendant was accused of infringement by controlling the "collecting," "processing," "generating," and "transferring" elements of the claimed system. Id. at 1283-84. The court found that defendant's control of this "back-end" portion of the claimed system did not constitute infringement. Id. at 1286. More specifically, the defendant was found not to infringe because it did not operate the system as a whole; rather, according to the Federal Circuit, it was the defendant's customers that put the system into service by initially subscribing to receive monthly billing information. Id. The court rejected that the defendant's conduct constituted an infringing "use" under § 271(a) because, but for the customer's actions, the entire system would not have been put into service. Id. at 1285-85.

The facts here are remarkably similar. The "user" of the Port Authority's PATHAlerts service puts the accused system into service by subscribing to it and receiving notifications. See id. at 1285 ("If the user did not make the request, then the back-end processing would not be put into service"). And, it is the "user" who obtains the benefit, if any, from the service. See id.

4

("By causing the system as a whole to perform this processing and obtaining the benefit of the result, the customer has 'used' the system under § 271(a)"). But for the user's actions, the PATHAlerts service is not set in motion or is incapable of completion, or both. Even assuming that the Port Authority maintains the "back-end" processing of its notification service, it is not reasonably responsible for putting PATHAlerts, "as a whole," into service. In other words, the Port Authority cannot "control" any accused system requiring the existence of a "user" or "user communications device," by itself. Without subscribing users or their devices, the claimed systems cannot be practiced to completion and thus would have no utility.

If for no other reason, Plaintiffs' claims of infringement with respect to the system claims should be dismissed because the pleading itself is deficient. On motion under 12(b)(6), non-movants' allegations are generally accepted as fact; where allegations are "clearly contradicted by documentary evidence incorporated into the pleadings by reference, however, the court is not required to accept them." Labajo v. Best Buy Stores, L.P., 478 F. Supp. 2d 523, 528 (S.D.N.Y. 2007); see also Matusovsky v. Merrill Lynch, 186 F. Supp. 2d 397, 400 (S.D.N.Y. 2002). The bald, conclusory allegation in Paragraph 8 of the Complaint – that the Port Authority infringes claims of the patents-in-suit by its "use of Port Authority's PATHAlerts systems" – need not be treated as fact. That allegation, standing alone, is contradicted by the claims, which are part of the pleadings, and which require further, "user" participation, while Paragraph 8 speaks only to the Port Authority. Plaintiffs make no allegation that there even exist third party "users" of PATHAlerts; no allegation that PATHAlerts are actually received by "user communications devices"; no allegation that the Port Authority puts PATHAlerts "into service" or "controls the [accused] system as a whole"; and no allegation that the Port Authority actually "obtain[s] benefits from" offering PATHAlerts. Centillion, 631 F.3d at 1284. Lacking any such allegation,

Plaintiffs have failed to plead the fundamental elements of system claim infringement and, necessarily, fail to state such a claim.

Plaintiffs may argue that the Port Authority could nevertheless be liable under a theory of joint infringement. Even assuming that such a theory is available in the context of system claims, there is no allegation in the Complaint that the Port Authority, together with any third party "user," jointly infringe the claims of the patents-in-suit. Certainly, no joint infringer has been named as a co-defendant. If Plaintiffs seek to state a claim for joint infringement of the system claims without naming additional Defendants, they must have alleged facts that demonstrate the Port Authority directs or controls users of the accused PATHAlerts system such that it is vicariously liable for their infringement. See Muniauction, Inc. v. Thomson Corp., 532 F.3d 1318, 1329 (Fed. Cir. 2008). No such allegation is made, nor could one be, for subscribing PATH riders could not reasonably be deemed to stand in an agency relationship with the Port Authority. See McKesson Technologies Inc. v. Epic Systems Corp., No. 2010-1291, 2011 WL 1365548 at *4 (Fed. Cir. April 12, 2011).

### B.  The Complaint Fails to State a Claim for Infringement of "Method" Claims Because Port Authority Alone Cannot Practice All Claimed Method Steps

In order to succeed on a claim of direct infringement of a method claim, the patentee must show that a single party performs every step of the claim. BMC Resources, Inc. v. Paymentech, L.P., 498 F.3d 1373, 1378-79 (Fed. Cir. 2007); Dynacore Holdings Corp. v. U.S. Philips Corp., 363 F.3d 1263, 1273 (Fed. Cir. 2004). Where more than one party is required to (and in fact) performs the steps of the claimed method, moreover, there can be no "joint" infringement unless "one party exercises 'control or direction' over the entire process such that every step is attributable to the controlling party." Muniauction, Inc., 532 F.3d at 1329, citing BMC Resources, 498 F.3d at 1380-81. Additionally, the Federal Circuit has explained that the

requisite "control" for purposes of joint infringement is such that (1) there is an agency relationship between the parties who perform the method steps, or (2) one party is contractually obligated to the other to perform the steps. McKesson, 2011 WL 1365548 at *4.

All method claims of the patents-in-suit are directed to notifying users of vehicle arrivals and delays. Each such claim of the '781 patent recites a method comprising, among others, the steps of "contacting a user communications device" and/or "informing the user" of vehicle status/delay. (Compl., Ex. B, col. 14.) These particular limitations of the claim again require the participation of a "user," without whom the entire claimed method could not be performed or implemented. For example, to satisfy these elements of the claim, the user must ensure that its communication device is turned "on" and must be present within an area of network coverage such that the device can receive communications. Without a "user," no single party can perform the steps of "contacting the user communications device" or "informing the user." On their face, these claimed method steps require at least two parties in order to be performed. Plaintiffs allege infringement by the acts of just one – the Port Authority.

The same is true of, and likewise fatal to, the pleadings concerning the method claims of the '060 patent. The '060 method claims are similarly directed to methods of "notifying users of impending arrivals of vehicles at particular locations." (Id., Ex. A, cols. 18-20.) A method step of each of these claims is "transmitting a notification message"; notably, independent claim 16 specifically recites that the notification message is transmitted to the user. Id. Thus, as with those of the '781 patent, the claimed methods of the '060 patent require the participation of a user, without whom the method could not be performed. Here again, however, Plaintiffs fail to allege the existence of any "user" or "user communication devices" receiving the transmission of any "notification messages" in connection with PATHAlerts.

Indeed, Plaintiffs do not even infer by their allegations how the use of PATHAlerts infringes any method (or system) claim of the patents-in-suit. The Complaint fails to meet the threshold requirements of Rule 8 and should be dismissed for this reason alone, as it does not give the Port Authority fair or adequate notice of the conduct that is allegedly infringing or the injury it is allegedly causing Plaintiffs. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2006). Plaintiffs' bald assertion that the Port Authority infringes the patents-in-suit "through…the use of the Port Authority's PATHAlerts system" simply does not state a claim for infringement of the method (or system) claims at issue in this case. See Medtronic Xomed, Inc., v. Gyrus Ent LLC, 440 F. Supp. 2d 1300, 1309 (M.D. Fla. 2006), citing Dynacore, 363 F.3d at 1273 (requiring allegations that "the accused device [or method] contains each limitation of [an] asserted claim" of the asserted patent).

With respect to the method claims, the single, conclusory allegation that the Port Authority infringes simply cannot be squared with the claims themselves, at least one step of each of which can only be carried out with the participation of an additional party beyond the Port Authority. In turn, Plaintiffs' pleading in this regard cannot be reconciled with the controlling law requiring performance of all method steps by a single party. BMC, 498 F.3d at 1378-79; Dynacore, 363 F.3d at 1273. To properly plead infringement of the asserted method claims here, Plaintiffs were obligated to allege either that users of PATHAlerts are agents of, or contractually obligated to, the Port Authority, McKesson, 2011 WL 1365548 at *4, or name the users themselves as jointly infringing co-defendants. Muniauction, Inc., 532 F.3d at 1329. Plaintiffs pled neither allegation and accordingly fail to state a claim upon which relief may be granted with respect to all asserted method claims.

## IV.    CONCLUSION

For the foregoing reasons, Defendant the Port Authority of New York and New Jersey respectfully requests that Plaintiffs' Complaint should be dismissed, with prejudice, because it fails to state a claim upon which relief can be granted.

Dated: New York, New York
       May 20, 2011

Respectfully submitted,

Dimitrios T. Drivas
James S. Trainor, Jr.
Amit H. Thakore
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 10036
Tel: (212) 819-8200
Fax: (212) 354-8113