Robert L. Epstein (RE 8941)
Jason M. Drangel (JD 7204)
William C. Wright (WW 2213)
Brian E. Hennessey (BH 7896)
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2410
New York, NY 10165
Tel.: (212) 292-5390
Fax: (212) 292-5391

*Attorneys for Plaintiffs*
*Arrivalstar S.A. and Melvino Technologies Limited*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARRIVALSTAR S.A. and MELVINO TECHNOLOGIES LIMITED, | |
| Plaintiffs, | **Case No.:  11 cv 1808 (RWS)** |
| vs. | |
| THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY | |
| Defendant. | |

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 12(b)(6)

# TABLE OF CONTENTS

I.     LEGAL STANDARDS FOR ALLEGING PATENT INFRINGEMENT ..............2

    A.     The Federal Rule's Form For Pleading Patent Infringement......................2

    B.     ArrivalStar Has Adequately Alleged Direct Infringement ..........................3

II.    DIVIDED INFRINGEMENT DOES NOT NEED TO BE PLED ..........................3

    A.     Courts Refuse To Dismiss Patent Cases For Failure To Plead Divided
        Infringement.........................................................................................................3

    B.     The Cases Cited by the Port Authority Were Not Decided on Motions
        to Dismiss.............................................................................................................4

    C.     Mckesson and Akamai Have Been Vacated by the Federal Circuit ............5

III.   INFRINGEMENT OF THE ARRIVALSTAR PATENTS DOES NOT
      REQUIRE ACTION BY A "USER".......................................................................6

    A.     Divided Infringement Is Determined Through Claim Construction............6

    B.     Involvement by a "User" Does Not Result in Divided Infringement ..........7

    C.     The PATHAlerts System Performs Each Step of the ArrivalStar
        Patent Claims ......................................................................................................9

IV.    CONCLUSION........................................................................................................11

## RESPONSE TO PORT AUTHORITY'S MOTION TO DISMISS

The Port Authority of New York and New Jersey's ("Port Authority") Motion to Dismiss must be denied. The Federal Rules, and the case law interpreting those rules, require only that a plaintiff provide a short and plain statement showing that it is entitled to relief. Plaintiffs, ArrivalStar S.A. and Melvino Technologies Limited (collectively "ArrivalStar"), have met this basic pleading standard, and provided more than enough notice and information to allow the Port Authority to answer ArrivalStar's claims of direct infringement.

The Port Authority's "divided infringement" theory is not the proper subject for a Rule 12(b)(6) motion to dismiss because it raises legal issues requiring interpretation of the claims of the ArrivalStar patents, as well as factual issues concerning the operation of the Port Authority's notification system. In essence, the Port Authority asks this Court to determine, on a motion to dismiss, that all of the claims of the ArrivalStar patents require the actions of multiple parties to be infringed, and that ArrivalStar cannot prove the actions of these multiple parties. Aside from being incorrect in its interpretation of the claims of the patents, the Port Authority has raised legal and factual issues that are disputed and well beyond the scope of a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

The Port Authority's PATHAlerts system performs each step of the ArrivalStar patent claims and direct infringement was properly pled. Issues of joint infringement are irrelevant at the pleading stage of this case. ArrivalStar is not required to plead all elements of each claim of the patents asserted, and is certainly not required to plead "divided infringement." The Port Authority's motion to dismiss is improper and must be denied.

1

## I.   LEGAL STANDARDS FOR ALLEGING PATENT INFRINGEMENT

### A.   The Federal Rule's Form For Pleading Patent Infringement

"On a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept all well-pleaded allegations contained in the complaint as true and draw all reasonable inferences in the plaintiff's favor." Gilead Sciences, Inc. v. Teva Pharmaceuticals USA, Inc., 10 CIV. 1796 RJS, 2011 WL 2462764 (S.D.N.Y. June 13, 2011). "Nonetheless, '[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true.'" Id. quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Fed. R. Civ. P. 8(a)(2) requires only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Federal Rules also provide an Appendix of forms that "illustrate the simplicity and brevity that these rules contemplate." Fed. R. Civ. P. 84. Form 18 of the Appendix (2009), which provides a model Complaint for Patent Infringement, provides the following model paragraph regarding the defendant's infringing activity:

> The defendant has infringed and is still infringing the Letters Patent by making, selling, and using electric motors that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.

Fed. R. Civ. P., Appendix Form 18 (2009) (emphasis in original). A claim for direct infringement of a patent requires that the complaint contain "a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent.'" McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1356-57 (Fed. Cir. 2007). As shown by the model Form and Federal Circuit law, a patent plaintiff must merely allege the general type of the infringing product to state a claim for direct infringement.

## B.     Arrivalstar Has Adequately Alleged Direct Infringement

The Port Authority argues that ArrivalStar has failed to state a claim for direct infringement of a patent because the "Port Authority Alone Cannot Practice All Claimed Method Steps." (Doc. 14 at 6). The Port Authority, however, acknowledges that the complaint alleges that the Port Authority infringes the patents in suit "through... the use of the Port Authority's PATHAlerts system." Id. at 8, quoting Compl. ¶ 8. Thus, ArrivalStar has clearly alleged the patents that are infringed and that the Port Authority's product and service, the PATHAlerts system, directly infringes the patents-in-suit. The "complaint contains enough detail to allow defendants to answer and thus meets the notice pleading required to survive a Rule 12(b)(6) motion. Nothing more is required." McZeal, 501 F.3d at 1357.

## II.     DIVIDED INFRINGEMENT DOES NOT NEED TO BE PLED

### A.     Courts Refuse To Dismiss Patent Cases For Failure To Plead Divided Infringement

The Port Authority reaches beyond the four corners of the Complaint to argue that ArrivalStar has not pled "divided infringement." This is not a proper issue for a 12(b)(6) motion to dismiss, because it raises issues of claim construction and infringement analysis.

Courts have determined that divided infringement need not be pled. See Fujitsu Ltd. v. Belkin Int'l, Inc., 10-CV-03972-LHK, 2011 WL 1196417 (N.D. Cal. Mar. 29, 2011)(denying motion to dismiss on theory of divided infringement because "[c]laim construction and infringement analysis should not be resolved on a motion to dismiss"); Tune Hunter Inc. v. Samsung Telecommunications Am., LLC, CIV. A 209 CV 148TJW, 2010 WL 1409245 (E.D. Tex. Apr. 1, 2010)(denying motion to dismiss, stating that the asserted claims require multiple actors, but plaintiff is not required to "crystallize its theory of infringement without having the benefit of discovery to aid it."); Actus, LLC v. Bank of Am. Corp., CIV.A. 2-09-CV-102-T,

2010 WL 547183 (E.D. Tex. Feb. 10, 2010)(denying as premature defendant's motion to dismiss stating that the "Court does not require that plaintiffs in a patent infringement lawsuit attach fully-developed infringement contentions to its complaint."). The Port Authority's Motion to Dismiss for failure to plead divided infringement is grossly premature and raises issues of claim construction that are far beyond the scope of a 12(b)(6) motion.

**B.    The Cases Cited by the Port Authority Were Not Decided on Motions to Dismiss**

The Port Authority has not cited any authority to support the notion that allegations of "divided infringement" must be stated in a complaint. The Port Authority relies on <u>Centillion Data Sys., LLC v. Qwest Communications Int'l, Inc.</u>, 631 F.3d 1279 (Fed. Cir. 2011) for the argument that ArrivalStar has failed to state a claim for patent infringement. (Doc. 14 at 5-6). <u>Centillion</u> was not decided on a motion to dismiss and does not discuss or address what a plaintiff must plead to state a claim for patent infringement. <u>Centillion</u>, 631 F.3d at 1281 (concluding that the District Court erred in granting summary judgment of noninfringement and that there were issues of material fact regarding anticipation). The other patent cases cited by the Port Authority are also irrelevant to a motion to dismiss because the cases were decided either on motions for summary judgment or after trial. See <u>Muniauction, Inc. v. Thomson Corp.</u>, 532 F.3d 1318, 1321 (Fed. Cir. 2008)("appeal from a final judgment, after a jury trial"); <u>BMC Res., Inc. v. Paymentech, L.P.</u>, 498 F.3d 1373, 1375 (Fed. Cir. 2007)(BMC "appeals the district court's decision on summary judgment"); <u>Dynacore Holdings Corp. v. U.S. Philips Corp.</u>, 363 F.3d 1263, 1266 (Fed. Cir. 2004)(appeal of the district court's granting of "defendants' motion for summary judgment of non-infringement"); <u>Medtronic Xomed, Inc. v. Gyrus ENT LLC</u>, 440 F. Supp. 2d 1300, 1306 (M.D. Fla. 2006) ("This Order addresses the parties' cross motions for summary judgment filed in this patent infringement case"); and <u>McKesson Technologies Inc. v.</u>

4

Epic Sys. Corp., 2011 WL 1365548 (Fed. Cir. April 12, 2011)(appeal of summary judgment).

Accordingly, the Port Authority has provided no authority that "divided infringement" must be

pled.

### C.   <u>Mckesson</u> and <u>Akamai</u> Have Been Vacated by the Federal Circuit

The Port Authority argues that ArrivalStar must not only allege "divided infringement,"

but must also allege "either that users of PATHAlerts are agents of, or contractually obligated to,

the Port Authority." (Doc. 14 at 8). The Port Authority relies on <u>McKesson Technologies Inc. v.</u>

<u>Epic Sys. Corp.</u>, 2011 WL 1365548 (Fed. Cir. April 12, 2011) throughout its Motion to Dismiss

for the argument that ArrivalStar must plead an agency or contractual relationship between the

Port Authority and its users. However, the Federal Circuit has vacated the <u>McKesson</u> opinion

and a similar opinion, <u>Akamai</u>, and has granted rehearings en banc for both cases. <u>McKesson</u>

<u>Technologies Inc. v. Epic Sys. Corp.</u>, 2010-1291, 2011 WL 2173401 (Fed. Cir. May 26, 2011);

<u>Akamai Technologies, Inc. v. Massachusetts Inst. of Tech.</u>, 2009-1372, 2011 WL 1518909 (Fed.

Cir. Apr. 20, 2011). For the rehearing in <u>McKesson,</u> the parties are briefing the following issues:

"1. If separate entities each perform separate steps of a method claim, under what circumstances,

if any, would either entity or any third party be liable for inducing infringement or for

contributory infringement?" and "2. Does the nature of the relationship between the relevant

actors—e.g., service provider/user; doctor/patient—affect the question of direct or indirect

infringement liability?" <u>McKesson Technologies Inc. v. Epic Sys. Corp.</u>, 2010-1291, 2011 WL

2173401 (Fed. Cir. May 26, 2011).

With these opinions vacated, "there is no requirement at this time for a contractual or

agency relationship for a finding of vicarious liability. Rather, control or direction of each step of

the patented process is required." <u>Clear with Computers, LLC v. Hyundai Motor Am., Inc.</u>, 6:09

5

CV 479, 2011 WL 2436535 (E.D. Tex. June 14, 2011). "Although BMC Resources was a method claims case, Centillion Data Systems, LLC v. Qwest Communications Int'l, Inc., 631 F.3d 1279 (Fed.Cir.2011), applied vicarious liability to system claims. The Federal Circuit held that the defendant could be held liable if the plaintiff could establish that the third party's use of the system was attributable to the defendant." Id. With these cases vacated there is absolutely no requirement to **prove**, let alone allege, that the users of the PATHAlerts systems are agents of or contractually obligated to the Port Authority.

## III.   INFRINGEMENT OF THE ARRIVALSTAR PATENTS DOES NOT REQUIRE ACTION BY A "USER"

### A.   Divided Infringement Is Determined Through Claim Construction

The Port Authority's divided infringement argument is premature because it requires construction of the claims of the patents-in-suit. Whether the claims of the patents-in-suit require a single actor or multiple actors is determined through claim construction. Typically, a patent can be drafted to capture the actions of a single party, even if multiple parties are involved in the system or method.

"Whether a claim requires different parties to perform different acts within one claim, or instead is drawn to actions which can be performed and are performed by a single party, depends on how the claim is structured." Intellect Wireless, Inc. v. T-Mobile USA, Inc., 735 F. Supp. 2d 928, 935 (N.D. Ill. 2010)(internal quotations and citations omitted). "A patentee can usually structure a claim to capture infringement by a single party." Id. quoting BMC Res., Inc. v. Paymentech, L.P., 498 F.3d 1373, 1381 (Fed. Cir. 2007). When claims are drafted to capture the conduct of a single party, then joint infringement is not at issue and direct infringement may be found.

**B.**     **Involvement by a "User" Does Not Result in Divided Infringement**

Courts have found direct infringement of software patents and have rejected theories of divided infringement where the defendants argued that the claims include "users" who own and control computer monitors that display the software.  In <u>Kenexa Brassring, Inc. v. Taleo Corp.</u>, the patents-in-suit were directed at a technology for collecting and maintaining information about job applicants.  751 F. Supp. 2d 735, 742 (D. Del. 2010), reconsideration denied (Jan. 4, 2011).  The system allowed a job applicant to submit a resume over the internet, the system scanned the resume and extracted key information from the resume and presented the information to the applicant for verification.  <u>Id.</u> at 743-744.  After the applicant verified the information, it was stored in a database.  <u>Id.</u> at 744.

The defendants argued that the system required "users who own and control the display devices (e.g., computer monitors)" to display the structured form, therefore, it was a case of divided infringement and there could be no direct infringement.  <u>Id.</u> at 750.  The court rejected the defendant's divided infringement argument.

> Under this logic, it would be difficult to prove infringement by any software program of a computer-related patent that has a display step, because "the users ... own and control the display devices." Ownership of the display device is irrelevant to the patented invention. It is the software program itself that tells the display device what to render.

<u>Id.</u>  Defendant's divided infringement argument failed because it was "the software that performs all necessary steps of the patent."  <u>Id.</u> at 751.  "A user is necessarily involved at least at some point in most computer method patents; simple involvement, however, is not enough to give rise to divided infringement."  <u>Id.</u>  "[J]ust as a browser is needed to render the web page supplied, hundreds of other components such as a monitor, drivers for hardware, a microprocessor, and even electricity are also required; the presence of these components do not necessitate active

participation by multiple entities in carrying out the steps of the method claims." Girafa.com,

Inc. v. IAC Search & Media, Inc., 653 F. Supp. 2d 512, 525 (D. Del. 2009).

> For example, even the famous Amazon.com 1–click patent has a
> limitation requiring a "response to only a single action being
> performed." (U.S. Patent No. 5,960,411, col. 10:19) The user
> necessarily is the one who performs this "single action" (id., col.
> 1:56–60) after going to the web page and searching for the item.
> (Id., col. 1:36–36)  If simple user involvement were enough to give
> rise to divided infringement, few, if any, software patents could be
> infringed.

Kenexa Brassring, Inc. v. Taleo Corp. 751 F. Supp. 2d at 751.

The Federal Circuit has also confirmed that mere involvement of a user does not create

divided infringement.  In SiRF Tech., Inc. v. Int'l Trade Comm'n, the patents included steps for

communicating or transmitting data to an end user's GPS device.  601 F.3d 1319, 1329 (Fed. Cir.

2010).  SiRF argued that they could not infringe the patents alone, but that the claims required

actions by the customers to infringe the claims.  Id.

> Appellants argue that the claims are only infringed when actions
> are taken by SiRF's customers and by the end users of the GPS
> devices; that SiRF accordingly can infringe the patents only when
> it is a joint infringer together with the customers and the end users;
> and that the requirements for joint infringement are not satisfied
> because SiRF does not control or direct the customers or end users.

Id.  The Federal Circuit determined that the claims were directly infringed and joint infringement

was not at issue.  Id.  "[W]e do not read the relevant claims as requiring that any of the specified

actions be taken by SiRF's customers or by the end users of the GPS devices." Id.

> This is not a situation where a method claim specifies performance
> of a step by a third party, or in which a third party actually
> performs some of the designated steps, and thus control or
> direction of the performance of that step by the accused infringer is
> required.  Rather, the method claims at issue here are drawn to
> actions which can be performed and are performed by a single
> party.  As they do not require that any of the steps be performed
> here by the customers or the end users, and the disputed steps are

8

> not in fact performed by third parties, we conclude that SiRF
> directly infringes.

SiRF Tech., Inc. v. Int'l Trade Comm'n, 601 F.3d 1319, 1329 (Fed. Cir. 2010). Thus, when the

steps are able to be performed by a single party, even if customers or end users are involved,

direct infringement of the claims will be found.

Even if the customer or user must be involved for the system to operate, if the user does

not perform any of the steps of the claims, then there is no divided infringement, but merely

direct infringement.

> Here, it is true that the "communicati[ng]" or "transmitting" can
> only occur if the customer forwards the data to the end user and the
> end user downloads the data. However, the actions of
> "forwarding" or "downloading" are not required by the claims,
> and, therefore, the fact that other parties perform these actions does
> not preclude a finding of direct infringement.

SiRF Tech., Inc. v. Int'l Trade Comm'n, 601 F.3d 1319, 1330 (Fed. Cir. 2010).

### C.   The PATHAlerts System Performs Each Step of the ArrivalStar Patent Claims

In the '060 patent, the Port Authority argues that each of the claims require "notifying

users of impending arrivals of vehicles." (Doc. 14 at 2). However, this parsed selection of the

claim is found in the preamble, which is not generally considered a claim limitation. "In general,

a preamble is an introductory statement which precedes, and does not limit, the body of the

claim." Papyrus Tech. Corp. v. New York Stock Exch., Inc., 581 F. Supp. 2d 502, 513

(S.D.N.Y. 2008) aff'd sub nom. Papyrus Tech. Corp. v. New York Stock Exch., LLC, 396 F.

App'x. 702 (Fed. Cir. 2010). Therefore, a claim construction ruling is necessary before

determining whether this language limits the scope of the claims.

The full text of the '060 preamble is: "A system for notifying users of impending arrivals

of vehicles at particular locations, comprising:." (Compl., Ex. A, 15:55-56). The preamble to

9

the '060 claims does not require the user to perform any step or element of the system and is therefore not a claim limitation. Even if the Court considered the preamble to be limiting, the PATHAlerts system performs the "notifying" step, not the user.

Likewise, the Port Authority argues that every claim of the '781 patent requires "contacting a user communications device." (Doc. 14 at 2). The PATHAlerts system performs this step as the Port Authority admits in its Motion to Dismiss, stating that the PATHAlerts system "provides notice to subscribing parties of train delays and service changes by sending a notification by email to their mobile device." (Doc. 14 at 2-3). Once the notification message is sent by the PATHAlerts system, the claim element is met, regardless of whether the user turns on their device or is within the network coverage area. (See doc. 14 at 7). "[T]he actions of [turning on the device] or [being within the network coverage area] are not required by the claims, and, therefore, the fact that other parties perform these actions does not preclude a finding of direct infringement." SiRF Tech., Inc. v. Int'l Trade Comm'n, 601 F.3d 1319, 1330 (Fed. Cir. 2010). Therefore, the Port Authority's divided infringement argument fails because it is the PATHAlerts "software that performs all necessary steps of the patent." Kenexa Brassring, Inc. v. Taleo Corp., 751 F. Supp. 2d 735, 751 (D. Del. 2010), reconsideration denied (Jan. 4, 2011).

Clearly, the issue of divided infringement depends upon the construction of the claims of the patents-in-suit. This is not an issue for a motion to dismiss. Even if the court considers the merits of the Port Authority's arguments, the claims in the ArrivalStar patents do not require a "user" to perform any of the steps of the claims because the claims are structured to allow performance by a single system. Therefore, the PATHAlerts system directly infringes the claims of the ArrivalStar patents.

## IV.    CONCLUSION

ArrivalStar respectfully requests that the Port Authority's Motion to Dismiss be denied

and the Port Authority be ordered to promptly respond to ArrivalStar's complaint.  Alternatively,

ArrivalStar requests leave to amend its complaint to provide any additional detail required by

this Court.

                                        Respectfully submitted,

                                        **EPSTEIN DRANGEL, LLP**


Dated:   July 1, 2011                   By:_____
                                        Robert L. Epstein (RE 8941)
                                        Jason M. Drangel (JD 7204)
                                        William C. Wright (WW 2213)
                                        Brian E. Hennessey (BH 7896)
                                        60 East 42nd Street, Suite 2410
                                        New York, NY 10165
                                        Tel: 212-292-5390
                                        Fax: 212-292-5391

                                        **ATTORNEYS FOR PLAINTIFFS**
                                        **ARRIVALSTAR S.A. and**
                                        **MELVINO TECHNOLOGIES LIMITED**

11