UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------X

ARRIVALSTAR S.A. and MELVINO
TECHNOLOGIES LIMITED,

       Plaintiffs,       11 Civ. 1808

  -against-           OPINION

THE PORT AUTHORITY OF NEW YORK
AND NEW JERSEY,

       Defendant.

---------------------------------------X

A P P E A R A N C E S:

   Attorneys for Plaintiffs

   EPSTEIN DRANGEL LLP
   60 East 42nd Street, Suite 2410
   New York, NY  10165
   By:  Robert L. Epstein, Esq.
     Jason M. Drangel, Esq.
     William C. Wright, Esq.
     Brian E. Hennessey, Esq.


   Attorneys for Defendant

   WHITE & CASE LLP
   1155 Avenue of the Americas
   New York, NY 10036
   By:  Dimitrios T. Drivas, Esq.
     James S. Trainor, Jr., Esq.
     Amit H. Thakore, Esq.



**Sweet, D.J.**

Defendant The Port Authority of New York and New Jersey (the "Port Authority") has moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint of plaintiffs ArrivalStar S.A. ("ArrivalStar") and Melvino Technologies Limited ("Melvino") (collectively, "Plaintiffs") alleging patent infringement by the Port Authority.

Based upon the conclusions set forth below, the motion is denied.

**Prior Proceedings**

Plaintiffs filed their four-page complaint on March 16, 2011. Paragraph 8 of the complaint alleged: "Defendant Port Authority has infringed claims of the '060 and '781 patents through, among other activities, the use of the Port Authority's PATHAlerts system." (Dkt. No. 1.)

The instant motion challenging the adequacy of this pleading was heard on September 14, 2011.

1

## The Rule 12(b)6 Standard

On a motion to dismiss pursuant to Rule 12(b)(6), all factual allegations in the complaint are accepted as true, and all inferences are drawn in favor of the pleader. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims . . . .'" Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plaintiffs must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Though the Court must accept the factual allegations of a complaint as true, it is "'not bound to accept as true a legal conclusion couched as a

2

factual allegation.'" Iqbal, 129 S. Ct. at 1950 (quoting Twombly, 550 U.S. at 555).


## The Complaint Adequately Alleges Infringement


Fed. R. Civ. P. 8(1)(2) requires only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Federal Rules also provide an Appendix of forms that "illustrate the simplicity and brevity that these rules contemplate." Fed. R. Civ. P. 84. Form 18 of the Appendix (2009), which provides a model Complaint for Patent Infringement, provides the following model paragraph regarding the defendant's infringing activity:

> The defendant has infringed and is still infringing the Letters Patent by making, selling, and using electric motors that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.

Fed. R. Civ. P., Appendix Form 18 (2009). A claim for direct infringement of a patent requires that the complaint contain "a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent.'" McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1356-57 (Fed. Cir.

3

2007).   As shown by the model Form and Federal Circuit law, an allegation of the general type of the infringing product states a claim for direct infringement.

The Port Authority argues that ArrivalStar has failed to state a claim for direct infringement because Plaintiffs have failed to allege the participation of the user of the allegedly infringing PATHAlerts system, claiming that the Port Authority does not put the whole of the patented system into effect and that the Port Authority alone cannot practice all the method steps.   However, issues of divided infringement such as these are not proper for a 12(b)(6) motion to dismiss because they raises questions regarding claim construction and infringement analysis.   "Whether a claim requires different parties to perform different acts within one claim, or instead is drawn to actions which can be performed and are performed by a single party, depends on how the claim is structured." Intellect Wireless. Inc. v. T-Mobile USA, Inc., 735 F. Supp. 2d 928, 935 (N.D. Ill. 2010) (internal quotations and citations omitted). As the Federal Circuit has explained, "[t]he purpose of claim construction is to determin[e] the meaning and scope of the patent claims asserted to be infringed.'" O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd., 521 F.3d 1351, 1360 (Fed.

4

Cir. 2008) (quoting Markman v. Westview Instruments, Inc., 52 F.3d 967, 976 (Fed. Cir. 1995) (en banc), aff'd 517 U.S. 370 (1996)).

For this reason, courts have denied motions to dismiss on the grounds that divided infringement or a theory of joint infringement is not adequately pled. See Fujitsu Ltd. v. Belkin Int'l, Inc., 782 F. Supp. 2d 868, 890 (N.D. Cal. 2011) (denying motion to dismiss on theory of divided infringement because "[c]laim construction and infringement analysis should not be resolved on a motion to dismiss"); Tune Hunter Inc. v. Samsung Telecomms. Am. LLC, No. 09 Civ. 148, 2010 WL 1409245, at *5 (E.D. Tex. Apr. 1, 2010) (denying motion to dismiss, stating that though the asserted claims require multiple actors, plaintiff is not required to "crystallize its theory of infringement without having the benefit of discovery to aid it" and "[t]he Court will be in a better position to consider this argument should Defendants raise it in a motion for summary judgment"); Actus, LLC v. Bank of Am. Corp., No. 09 Civ. 102, 2010 WL 547183 (E.D. Tex. Feb. 10, 2010) (denying as premature defendant's motion to dismiss for failure to allege any theories of joint infringement or any facts that would support joint infringement stating that the "Court does not require that

5

plaintiffs in a patent infringement lawsuit attach fully-developed infringement contentions to its complaint."). Defendants have failed to point to any authority finding dismissal appropriate for failure to plead divided infringement at this stage.

The participation of the users and the effect of that participation on the claims of patent infringement presumably will be presented at later stage.

ArrivalStar has alleged that the Port Authority's product and service, the PATHAlerts system, directly infringes the patents-in-suit. The "complaint contains enough detail to allow defendants to answer and thus meets the notice pleading required to survive a Rule 12(b)(6) motion. Nothing more is required." McZeal, 501 F.3d at 1357.

Defendant's motion is therefore denied.

It is so ordered.

New York, NY
March 29, 2012

ROBERT W. SWEET
U.S.D.J.

6